UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RAIMON H.,

               Plaintiff,

   -v-

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

_____

22-CV-00392-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 17)

Plaintiff Raimon H.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 7) is granted, defendant's motion (Dkt. No. 13) is denied, and the case is remanded for further administrative proceedings.

_____

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed protectively for DIB and SSI on April 9, 2019, alleging a disability onset date of September 28, 2018.  (Administrative Transcript ["Tr."] 2, 223-43).  The application was initially denied on August 14, 2019, and upon reconsideration on December 10, 2019.  (Tr. 76-121).  Plaintiff timely filed a request for an administrative hearing.  (Tr. 170-86).  On October 20, 2020, Administrative Law Judge ("ALJ") Michelle S. Marcus held a telephone hearing, at which Plaintiff participated, along with his counsel.  (Tr. 30-75).  A vocational expert also testified.  The ALJ issued a decision finding Plaintiff not disabled on May 19, 2021.  (Tr. 10-29).  On March 25, 2022, the Appeals Council denied Plaintiff's request for review.  (Tr. 1-6).  This action followed.

## DISCUSSION

I.    *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.  Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts."  *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014).  "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.    *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.*

§§404.1520(c), 416.920(c).  Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions:  first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1.  *Id.* §§404.1520(d), 416.920(d).  If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.  *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.  Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.  *Id.* §§404.1520(e), 416.920(e).  RFC "is the most [the claimant] can still do despite [his or her] limitations."  *Id.* §§404.1545(a)(1), 416.945(a)(1).  The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.  At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."  *Id.* §§404.1520(f), 416.920(f).  If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.  *Id.* §§404.1520(f), 416.920(f).  Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work."  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If the claimant can adjust to other work, he or she is

not disabled.  *Id.* §§404.1520(g)(1), 416.920(g)(1).   If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act.  *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform."  *Carroll*, 705 F.2d at 642.

III.   *The ALJ's Decision*

Preliminarily, the ALJ found Plaintiff's last-insured date to be December 31, 2023. (Tr. 16).  At step one, the ALJ found that there has been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity.  (Tr. 17).  At step two, the ALJ found that Plaintiff had the following severe impairments: attention deficit disorder ("ADHD"), predominately inattentive type; bipolar disorder; and posttraumatic stress disorder ("PTSD").  (Tr. 17-18).  At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 18-20).  Prior to proceeding to step four, the ALJ determined that Plaintiff retained the following RFC:

> a full range of work at all exertional levels but with the following nonexertional limitations: No complex work, but can perform work commensurate with specific vocational preparation 1 and 2. The claimant can interact with the public on an occasional, brief and superficial basis, such as delivering a package. The claimant can interact with co-workers on an occasional basis, but no tandem or teamwork. The claimant can interact with supervisors on a frequent basis. The claimant would be off-task 5 percent of the workday.

(Tr. 20-22).  At step four, the ALJ found that Plaintiff is capable of performing past relevant work.  (Tr. 22-23).   In the alternative at step five, the ALJ found Plaintiff capable of

performing jobs that exist in significant numbers in the national economy.  (Tr. 23-24).

Accordingly, the ALJ determined that Plaintiff has not been under a disability from

September 28, 2018, the alleged onset date.  (Tr. 24).

IV.    *Plaintiff's Challenge*

Plaintiff argues that the ALJ's RFC determination that Plaintiff can be off task 5%

of the workday is not supported by substantial evidence, and that the case must therefore

be remanded.  The Court agrees.

The ALJ crafted a highly specific RFC which included a limitation that Plaintiff could

be off task 5% of the workday.  (Tr. 20). However, the ALJ's 5% off-task determination is

not tethered to any medical opinion or medical evidence in the record.  It appears to be

arbitrary.  If an ALJ believes that an off-task time limitation is necessary, he or she must

refer to a medical opinion or other specific evidence in the record that supports such a

limitation. *See Kimberly R. v. Comm'r of Soc. Sec.*, No. 21-CV-00079-LJV, 2022 WL

17584196, at *2 (W.D.N.Y. Dec. 12, 2022) (remand was required because "the ALJ did

not cite any opinions or medical evidence to support that specific limitation, and the ALJ

appears to have fashioned it from whole cloth"); *Laura A. v. Comm'r of Soc. Sec.*, No. 20-

CV-610, 2022 WL 464227, at *4 (W.D.N.Y. Feb. 15, 2022) (collecting cases); *Tara W. v.

Comm'r of Soc. Sec.*, No. 20-CV-00695-MJR, 2021 WL 4316824, at *3 (W.D.N.Y. Sept.

23, 2021); *Wouters v. Comm'r of Soc. Sec.*, 19-CV-610, 2020 U.S. Dist. LEXIS 80565

(W.D.N.Y. May 7, 2020) (finding that the ALJ's conclusion that the claimant would be off-

task five percent of the time was not supported by substantial evidence because the ALJ

pointed to no evidence indicating why plaintiff would be off-task for this specific

percentage of time); *Austin v. Comm'r of Soc. Sec.*, 19-CV-638, 2020 U.S. Dist. LEXIS 172633 (W.D.N.Y. Sept. 21, 2020) (the RFC determination that plaintiff would be "off task up to three percent of the workday due to symptom exacerbations" was not supported by substantial evidence where "nowhere [in the record] is there an opinion or testimony providing that [plaintiff] would be off-task up to three percent of the workday due to her symptoms ... [and] this number came solely from the ALJ."); *Elder v. Comm'r of Soc. Sec.*, 18-CV-1196, 2019 U.S. Dist. LEXIS 205159 (W.D.N.Y. Nov. 26, 2019) (remand required where nothing in the record supported the ALJ's specific mental RFC determination that [claimant] would be off task for no more than "five minutes ... per hour" and noting that "if the ALJ wishes to address the time that [plaintiff] can stay on task, she should recontact [plaintiff's] physicians to get their opinions on that issue.").  The ALJ failed to explain *where* that specific percentage of 5% came from, or why he assessed that specific percentage as opposed to one higher or lower.  *See Mariani v. Colvin*, 567 F. App'x 8, 10 (2d Cir. 2014), *as amended* (July 30, 2014) (a finding of the ability to perform "fine manipulation/fingering 50% of the time with his dominant right upper extremity" was not acceptable where there was no other evidence in the administrative record to support the 50% finding).  The reason for remand is the lack of any specific evidence to support that Plaintiff would be off-task only 5% of a workday.  In other words, there is no explanation as to why 5% as opposed to 10% or 15% or 18%? There is no specific medical evidence or opinion to support the ALJ's 5% assessment. *See Annis v. Comm'r of Soc. Sec.*, No. 18-CV-1276, 2019 WL 6875231, at *10–11 (W.D.N.Y. Dec. 17, 2019) (remanding where no medical opinion supported an ALJ's five-percent off-task determination where, "[a]t best," the conclusion came "from whole cloth" and, "[a]t worst, the conclusion respond[ed]

to the vocational expert's testimony that an off-task behavior restriction of 20% ... would degrade the individual's productivity to unacceptable levels." (internal quotation marks omitted)).  Specific RFC assessments, like percentage of time spent off-task during a workday, must be based on evidence in the record, not on an "ALJ's surmise." *Cosnyka v. Colvin*, 576 Fed. App'x 43, 46 (2d Cir. 2014) (summary order).

This error is not harmless because the vocational expert testified that if Plaintiff were off task 10% or more of the workday, it would not be tolerated by an employer.  (Tr. 70).  S*ee Cosnyka, v. Colvin,* 576 F. App'x at 46 ("Because there is no substantial evidence for the ALJ's six-minute per hour formulation, and this formulation was crucial to the vocational expert's conclusion that there were jobs [the claimant] could perform, we cannot uphold the ALJ's decision to reject [his] claim for benefits."); *Tara W.*, 2021 WL 4316824, at *3; *Edwards v. Comm'r of Soc. Sec.*, 18-CV-862, 2020 U.S. Dist. LEXIS 148948 (W.D.N.Y. Aug. 18, 2020) (noting that the percent of off-task time was "absolutely critical" to the disability determination where the VE testified that, if the off-task time was ten percent or more, the limitation would be "work preclusive" and accordingly "the Court cannot say that the ALJ's failure to tether the percent of off-task time to evidence in the record was harmless error."). On remand, the Commissioner should further develop the record to address specifically the percentage of time that Plaintiff could be expected to be off task over the course of a workday.

## <u>CONCLUSION</u>

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is granted, defendant's motion for judgment on the pleadings (Dkt. No. 13) is denied, and the case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:     October 9, 2024
           Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge